IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| RAVEN ENGLISH, | Case No. 1:24-cv-240 |
| Plaintiff, | Judge Matthew W. McFarland |
| | Magistrate Judge Karen L. Litkovitz |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiff and Defendant Car Now Acceptance Company's Stipulation of Dismissal, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 22). The two parties stipulate that Plaintiff's claims against this Defendant are dismissed with prejudice. (*Id.* at Pg. ID 183.)

Federal Rule of Civil Procedure 41(a) permits a plaintiff to voluntarily dismiss "an action" without a court order. Fed. R. Civ. P. 41(a)(1). The Sixth Circuit has interpreted Rule 41(a) to only allow dismissal of an entire action, not portions of the case. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *but see Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753 (6th Cir. 1974) (affirming the dismissal of all claims against one of two defendants under Rule 41(a)).

Instead, Federal Rule of Civil Procedure 21 is the proper vehicle for dismissing some—but not all—claims or parties. *See Philip Carey*, 286 F.2d at 785; *Espinosa v. First*

*Advantage Background Servs. Corp.*, 343 F.R.D. 514, 415 (S.D. Ohio 2023). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts in this circuit have used this rule to drop defendants and claims in a piecemeal manner. *See, e.g., Espinosa*, 343 F.R.D. at 415-16; *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018).

This Court thus finds Rule 21 applicable here and turns to that framework. Unlike dismissing the entire action under Rule 41(a), "[d]ropping less than the entirety of an action . . . risks prejudice to the other parties." *Espinosa*, 343 F.R.D. at 416 (quoting *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *2 (E.D. Ky. Aug. 24, 2012)). Rule 21 grants district courts the discretion to determine prejudice. *Espinosa*, 343 F.R.D. at 416.

To make this inquiry, the Court looks to the factors outlined in *Grover by Grover v. Eli Lily & Co.*, 33 F.3d 716 (6th Cir. 1994) — (1) a "defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff," (3) insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed." *Id.* at 718; *see also Igo v. Sun Life Assurance Co. of Canada*, 6522 F. Supp. 3d 929, 936 (S.D. Ohio 2023) (applying the *Grover* factors in a Rule 21 motion to dismiss). Using these factors, the Court concludes that the parties would not be prejudiced by dismissing this Defendant. First, the case is in its early stages; second, there is no sign that Plaintiff is delaying proceedings; and third, there is no pending motion for summary judgment. *See Igo*, 652 F. Supp. 3d at 936. The Court notes

2

that there is no explanation for the need to dismiss, *see id.*, but the balance of these factors show a lack of prejudice and therefore favor dismissal.

Accordingly, the Court finds the relief sought is best construed through Rule 21, rather than Rule 41(a). With this shift, the Court concludes that the relief sought is appropriate. *See Preferred Care*, 326 F.R.D. at 465. Thus, Plaintiff may drop its claims against Defendant Car Now Acceptance Company.

Based on the foregoing reasons, the Stipulation (Doc. 22), construed as a motion under Rule 21, is hereby **GRANTED**. Plaintiff's claims against Defendant Car Now Acceptance Company are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND