**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RAVEN ENGLISH,                                           Case No. 1:24-cv-240
    Plaintiff,                                      McFarland, J.
                                                        Litkovitz, M.J.
      v.

EQUIFAX INFORMATION SERVICES, LLC,            **ORDER**
    Defendants.

Pro se plaintiff Raven English brings this action against defendant Equifax Information Services, LLC ("Equifax"), BLST Receivables & Servicing d/b/a Fingerhut ("Fingerhut"), Car Now Acceptance Company ("CNAC"), and LVNV Funding LLC ("LVNV") alleging violations of the Fair Credit Reporting Act (FCRA).  (Doc. 1). [1]  This matter is before the Court on LVNV's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (Docs. 43, 45)[2] and plaintiff's response in opposition (Doc. 46).

## I.  Background

Plaintiff filed this action on April 30, 2024, alleging that LVNV violated the FCRA by reporting false, inaccurate, incomplete, and misleading information to defendant Equifax. (Doc. 1 at PageID 6).  Plaintiff further alleges that all defendants violated federal law by failing to properly investigate her disputes.  (*Id.* at 4).  In LVNV's pending Rule 11 motion for sanctions, it alleges that "someone else is ghost-litigating" plaintiff's case on her behalf.  (Doc. 45-1).

## II.  Legal standard

Rule 11 of the Federal Rules of Civil Procedure states that every "pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's

---

[1] The claims against defendants Equifax, Fingerhut, and CNAC have been dismissed.  (*See* Docs. 18, 27, 41).
[2] The original motion for sanctions (Doc. 43) was refiled (Doc. 45) to comply with S.D. Ohio Civ. R. 5.1(c).  *See* Doc. 44.

name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). An unrepresented party, when signing or filing a pleading, certifies to the Court that "to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1), (3). Further, "the Rule 'imposes on litigants a continuing duty of candor. . . .'" *Shirvell v. Gordon*, 602 F. App'x 601, 605 (6th Cir. 2015) (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009)). The Court may impose appropriate sanctions against a pro se litigant for violating Rule 11. *Id.* at 605.

### III.     Analysis

LVNV points to similarities between plaintiff's complaint and a complaint filed in an unrelated case by pro se litigant Branden McAfee as evidence that Mr. McAfee—or "an undisclosed third party with legal training"—drafted plaintiff's complaint, arguing that the complaints are so strikingly similar that they could only have originated from the "same source." (Doc. 45-1 at PageID 477-79). Based on that theory, LVNV argues that plaintiff violated Rule 11 and the duty of candor to the Court and moves for sanctions. (*Id.*). LVNV contends that when an unrepresented party signs a pleading as "pro se," she represents to the Court that she is not receiving legal assistance in drafting submissions, and that proceeding pro se while receiving outside assistance allows the party to unfairly enjoy the benefits of representation while also enjoying the leniency courts afford pro se litigants. (*Id.* at PageID 476). LVNV argues that federal courts almost universally condemn the practice of drafting legal documents on behalf of a

pro se litigant—a practice called "ghostwriting"—and that such a submission is inconsistent with the intent of procedural, ethical, and substantive rules of the Court, regardless of whether the ghostwriter is a lawyer, a non-lawyer, or someone with some legal training.  (Doc. 45-1 at PageID 477).

Plaintiff responds that LVNV's motion assumes she received undisclosed assistance because LVNV believes her filings resemble filings submitted in unrelated cases, but that such similarities do not constitute evidence.  (Doc. 46 at PageID 669).  Plaintiff further argues that LVNV has produced no witness testimony, admissions, communications, or documentary evidence showing that she misrepresented her pro se status or violated any procedural rule.  (*Id.*).  Plaintiff also contends that stylistic similarities are insufficient to establish ghostwriting, noting that pro se litigants commonly rely on publicly available templates, statutes, case law, and online legal resources, and that the use of such materials does not render a filing sanctionable.  (*Id.*).  Finally, plaintiff argues that LVNV's theory lacks support and assumes that a pro se litigant is incapable of drafting pleadings that reference statutory language or case law.  (*Id.*).

On April 25, 2024, Mr. McAfee filed an amended complaint in his own FCRA case against TransUnion, LLC.  (Doc. 45-3).  *See McAfee v. Transunion, LLC*, No. 1:23-cv-393, (S.D. Ohio) (Doc. 23-1, Amend. Cmpl.).  Five days later, plaintiff filed a strikingly similar complaint in this action.  (Doc. 1).  Under these circumstances, LVNV argues that either Mr. McAfee drafted plaintiff's complaint or an undisclosed third party with legal training drafted both complaints.  (Doc. 45-1 at PageID 479).

LVNV points to numerous examples of similarities between the two complaints, including that the jurisdictional, venue, and parties sections of the two complaints are nearly identical, the factual allegations sections use near-identical language and phrasing, and they cite

3

the same case law—*Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997), and *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010). (Doc. 1 at PageID 1-5; Ex. B, Doc. 45-3 at PageID 520-22). LVNV also points to nearly identical emotional damages allegations in both complaints, including the phrase "Plaintiff was humiliated and embarrassed . . . . Plaintiff was mad, furious, humiliated[,] and quite pissed off from getting denied" credit. (Doc. 1 at PageID 13; Doc. 45-3 at PageID 527).

LVNV similarly points to identical formatting and grammatical errors—specifically, that periods follow Roman numerals II, III, and IV but not numeral I, that a tab follows Roman numerals I, II, and III but not numeral IV, that citations to "28 U.S.C 1331" omit both a section symbol and a period, and that several of the same words in the middle of sentences are mis-capitalized. (Doc. 1; Doc. 45-3). LVNV further points to similarities between a dispute letter in another of Mr. McAfee's actions, *McAfee v. Transunion, LLC*, S.D. Ohio Case No. 1:24-cv-168, Doc. 1 at PageID 17, including a nearly identically formatted heading that erroneously omits a period in "U.S.P.S." (Doc. 1-2 at PageID 35; Doc. 45-4 at PageID 550). LVNV acknowledges that plaintiff testified at her deposition that she typed that heading herself but argues it is more plausible that her dispute letter was created by the same person who drafted Mr. McAfee's letter. (Doc. 45-1 at PageID 487).

LVNV also points to plaintiff's state court filings in Hamilton County Municipal Court that bear similarities to a complaint filed by Mr. McAfee in that same court. (Doc. 45-1 at PageID 488; *compare* Doc. 45-5 with Doc. 45-6). LVNV argues that on October 22, 2024, both plaintiff and Mr. McAfee each filed handwritten pro se complaints against Equifax in Hamilton County Municipal Court, and that a "cursory examination" of those complaints reveals they were likely written by the same hand. (Doc. 45-1 at PageID 488; *compare* Doc. 45-7 with Doc. 45-8).

LVNV further notes that approximately one month later, a third purportedly pro se plaintiff filed a complaint against Equifax in that same court, also appearing to be in the same handwriting. (Doc. 45-1 at PageID 491).  Lastly, LVNV argues that plaintiff violated the protective order in this action by allowing a third party to access confidential information.  (Doc. 45-1 at PageID 476).

As an initial matter, LVNV has presented insufficient evidence to establish that plaintiff received assistance from a third party with legal training.  LVNV does not contend that Mr. McAfee's complaint bears indicia of attorney drafting, nor does LVNV argue that Mr. McAfee himself possesses legal training.  Mr. McAfee also appeared before the Court pro se in his action. Plaintiff maintains that she drafted her complaint herself and testified that no one helped her do so.  (English Dep., Doc. 45-2 at PageID 511-12).  Even assuming, however, that plaintiff received some non-legal assistance in preparing her pleadings, LVNV has not shown that such assistance violates Rule 11 or warrants sanctions under the circumstances presented here.  Rule 11 requires only that an unrepresented party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry.  Fed. R. Civ. P. 11(a)-(b).  LVNV argues that by filing her complaint as pro se, plaintiff made an implied representation to the Court that she received no outside assistance.  The Court rejects that argument.  Nothing in the text of Rule 11 expressly prohibits a pro se litigant from receiving drafting assistance from another non-attorney, unlike drafting assistance received from someone with legal training.  *See Buckner v. Hilton Glob.,* No. 3:24-cv-375, 2025 WL 1725426, at *6 (W.D. Ky. June 20, 2025) (collecting cases discussing ethical and procedural rules limiting lawyers and others with legal training from ghostwriting pleadings for pro se litigants).  Nor does Rule 11 require a pro se litigant to certify that every sentence contained in a pleading originated

5

solely from the litigant without outside input, research assistance, templates, or informal guidance. *See* Fed. R. Civ. P. 11.

The Sixth Circuit has likewise recognized that Rule 11 sanctions are appropriate only where filings are objectively unreasonable, presented for an improper purpose, or lack evidentiary support. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) (finding sanctions warrants when the attorney "crossed the line into unreasonable and vexatious multiplication of proceedings") (quotation marks omitted); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (noting that the imposition of Rule 11 sanctions requires a showing of "objectively unreasonable conduct").

Here, LVNV seeks sanctions based on the theory that plaintiff may have received undisclosed assistance in drafting pleadings. But Rule 11 is directed toward abusive filings and litigation misconduct—not toward policing whether a pro se litigant consulted another individual while preparing court papers. *Cf. Shomer v. Rheinscheld*, No. 2:24-cv-01283, 2025 WL 2751203, at *3 (S.D. Ohio Sept. 26, 2025) (finding that a litigant's use of declarations he knew to bear forged signatures violated Rule 11 which "requires a litigant . . . to certify that 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' the filing is not presented for an improper purpose, the claims are warranted by law, and the factual contentions have evidentiary support.").

The Sixth Circuit has not adopted a rule categorically prohibiting ghostwriting by non-attorneys for pro se litigants. District courts have criticized ghostwriting in the context of attorneys who drafted pleadings while concealing their professional status to allow their clients to benefit from the liberal-construction standard for pro se filings. For example, LVNV cites *Evangelist v. Green Tree Servicing, LLC,* No. 12-15687, 2013 WL 2393142, at *2 (E.D. Mich.

6

May 31, 2013), where the court noted the pleadings contained unusual phrases such as "temporarily *In Pro Per*," which the court interpreted as "suggesting the possibility that there may be an as yet unknown attorney acting as the Wizard of Oz, manipulating knobs and levers behind a curtain, and aiding these '*pro se*' plaintiffs in litigating these cases." *Id*.

In another example, LVNV cites *Metron Nutraceuticals, LLC v. Cook,* 550 F. Supp. 3d 484, 486 (N.D. Ohio 2021), for the proposition that a prohibition on ghostwriting by attorneys for pro se litigants applies equally to ghostwriting by non-attorneys. *Id.* at 486. However, the plaintiff in *Metron* "received assistance from an individual with *legal training*." *Id.* at 487 (emphasis added). *Metron* cites dicta from *In re O'Connor,* No. 08-16434, 2009 WL 1616105, at \*3 (Bankr. N.D. Ohio Feb. 27, 2009), a bankruptcy case where the debtors' daughter and power of attorney filed a bankruptcy petition on behalf of the debtor parents, for the proposition that Rule 11 imposes a ghostwriting prohibition on a "non-lawyer." However, the court in *In re O'Connor* was not concerned with limited assistance in drafting a pleading for a pro se litigant. Rather, the issue in *In re O'Connor* was whether a non-attorney could "represent[] the debtor pro se" by filing and prosecuting a bankruptcy case on the debtor's behalf pursuant to a power of attorney. *Id.* at \*3. Put differently, the court in *In re O'Connor* addressed whether the non-lawyer's prosecution of the debtors' bankruptcy case constituted the unauthorized practice of law under the circumstances. It did not address the mere provision of undisclosed drafting assistance for an initial pleading. *Id.* at \*4-5.

The central contention of LVNV's motion is that textual similarities between plaintiff's complaint and Mr. McAfee's complaint are so numerous and striking that they could only reflect a common author. Plaintiff responds that such similarities are readily explained by the wide availability of FCRA form complaints, legal templates, online resources, and publicly available

7

case law, and that a court should not presume that a pro se litigant is incapable of drafting a pleading that references statutory language or precedent. (Doc. 46 at PageID 669). In addition, LVNV has demonstrated no specific harm flowing from the alleged similarity of the complaints.[3] Further, as explained *infra*, LVNV does not argue that plaintiff's pleadings reflect preparation by someone with legal knowledge or training, other than their similarities to other pro se filings.

Finally, LVNV argues that plaintiff's deposition testimony independently demonstrates that a third party is controlling this litigation on her behalf. Specifically, LVNV contends that plaintiff's testimony about the filing of the complaint, the payment of the filing fee, and her unfamiliarity with basic litigation procedures is so inconsistent with the documentary record that it can only be explained by the presence of an undisclosed third party.

The Court has reviewed the deposition testimony and exhibits cited in LVNV's motion and concludes that, while certain aspects of plaintiff's testimony are inconsistent with the record, those inconsistencies do not establish a Rule 11 violation under the circumstances presented. Plaintiff's apparent confusion about which court she filed in, how she paid the filing fee, and where to retrieve her own complaint suggests, at minimum, a limited familiarity with the mechanics of federal civil litigation.

The Court declines to impose sanctions on this record. Rule 11 sanctions are a serious remedy and appropriate only upon a clear showing of a violation. *Ridder*, 109 F.3d at 293. Puzzling or inconsistent deposition testimony, without more, does not establish that a pleading was signed by someone other than the person who submitted it, that the factual contentions in the pleading lacked evidentiary support, or that the pleading was filed for an improper purpose. *See*

---

[3] To the extent LVNV argues that plaintiff violated the protective order by revealing confidential information to a third party, the protective order was not entered until August 16, 2024 (Docs. 31, 32), well after plaintiff filed her complaint, and LVNV presents no evidence of any ongoing third-party involvement beyond the allegations of complaint ghostwriting.

Fed. R. Civ. P. 11(b).  LVNV's argument relies on an inference that plaintiff's confusion about certain procedural details proves she could not have filed this case herself, but that inference is not the only reasonable one, and speculation is not an adequate basis for Rule 11 sanctions.  *See First Bank of Marietta*, 307 F.3d at 517 (noting that the imposition of Rule 11 sanctions "requires a showing of "objectively unreasonable conduct").

## IV.    Conclusion

LVNV has not established that the imposition of sanctions against plaintiff under Rule 11 is warranted.  The textual similarities between plaintiff's complaint and Mr. McAfee's complaint, while notable, do not conclusively demonstrate that plaintiff's pleadings were signed by someone other than plaintiff, that the factual contentions therein lack evidentiary support, or that the complaint was filed for an improper purpose.  Plaintiff's deposition testimony—though inconsistent in certain respects with the documentary record—does not establish that a third party signed plaintiff's pleadings or is controlling this litigation in a manner prohibited by Rule 11.  Moreover, LVNV has not identified any specific harm flowing from the alleged similarities between the complaints, and the cases upon which LVNV principally relies arose under materially different circumstances.  For these reasons, LVNV's motion for sanctions (Docs. 43, 45) is **DENIED**.

**IT IS SO ORDERED.**

Date: 5/15/2026

Karen L. Litkovitz
United States Magistrate Judge

9